**Alfredo NUNEZ ORTIZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76360.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2006.*

Decided April 18, 2006.

Moises A. Aviles, Esq., Aviles & Associates, San Bernardino, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Alfredo Nunez Ortiz, a native and citizen of Mexico, petitions for review of the

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals' dismissal of an immigration judge's denial of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review and remand for further proceedings.

Nunez Ortiz contends that the IJ erred in determining that he failed to meet the ten-year continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A) due to a departure from the United States in 1996. Although an administrative voluntary departure constitutes a break in continuous physical presence, *see Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam), we recently held that the fact that an alien is turned around at the border, i.e., voluntarily returned, even where the alien is fingerprinted and information about his attempted entry is entered into the government's computer database, does not in and of itself interrupt accrual of physical presence, *see Tapia v. Gonzales,* 430 F.3d 997, 1002–1004 (9th Cir.2005).

On the record before us, we cannot determine whether Nunez Ortiz's return to Mexico by immigration officials was the result of an administrative voluntary departure or a voluntary return. Moreover, even assuming Nunez Ortiz accepted administrative voluntary departure, the record is not sufficiently developed for us to determine whether he knowingly and voluntarily accepted administrative voluntary departure. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614 (9th Cir.2006) (explaining that an agreement for voluntary departure should be enforced against an alien only when the alien has been informed of, and has knowingly and voluntarily consented to, the terms of the agreement).

Accordingly, we remand Nunez Ortiz's cancellation of removal application to the Board for further proceedings. On remand, both parties are entitled to present additional evidence regarding any of the predicate eligibility requirements, including continuous physical presence.

**PETITION FOR REVIEW GRANTED; REMANDED.**